983 F.2d 1070
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Noah Dick TOMLIN, Defendant-Appellant.
 No. 92-5134.
 United States Court of Appeals, Sixth Circuit.
 Jan. 7, 1993.
 
 Before BOGGS and SUHRHEINRICH, Circuit Judges, and GILMORE, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Noah Dick Tomlin and his wife, Juanita, pled guilty to attempting to purchase 21 pounds of marijuana, in violation of 21 U.S.C. § 846. Judge Wilhoit sentenced Mr. Tomlin to 16 months' imprisonment. Mr. Tomlin appeals, claiming that he was sentenced harshly, in contravention of the First Amendment, because he publicly embraces the view that marijuana should be legalized. For the reasons given below, we affirm the district court's sentence.
 
 
 2
 Juanita and Noah Dick Tomlin conspired to purchase 21 pounds of marijuana from a man they had the poor judgment to believe was a drug dealer, when in fact he was a government agent. They were both charged with conspiring to purchase a controlled substance and attempting to purchase a controlled substance. Both pled guilty to the attempt charge. Judge Wilhoit sentenced Mr. Tomlin to 16 months' imprisonment, and Ms. Tomlin to 10 months' imprisonment.
 
 
 3
 Mr. Tomlin appeals, claiming that the sentence Judge Wilhoit imposed was a result of Mr. Tomlin's expressed belief that marijuana should be legalized. For support, he cites a portion of the comments Judge Wilhoit made at the sentencing hearing:
 
 
 4
 You continue to use the drugs since you have been on bond and, of course, I realize that--that you may feel that you shouldn't be penalized for the views that you hold that marijuana should be legalized. Still there [are] ... a lot of people in this country that believe that these laws against marijuana should remain and--on the books. And I think that you need a little time to think about these views, and that's why I am sentencing at the top of the guidelines.
 
 
 5
 Mr. Tomlin conveniently disregards the reasons Judge Wilhoit gave earlier in his sentencing colloquy. Thus, while the portion of Judge Wilhoit's comments quoted above may well have been inadvisable, there is no evidence that it represented a motivating factor in his sentencing decision.
 
 
 6
 The government argues that we should review the sentence of the trial court for an abuse of discretion. We think it is more appropriate to note that we are without jurisdiction to review a sentence that is properly within the United States Sentencing Guidelines unless the defendant raises a challenge of constitutional dimensions.[1] Mr. Tomlin makes such a claim.
 
 
 7
 Courts may not use sentencing to punish a convicted person for holding constitutionally protected beliefs. It is unconstitutional to impose on an offender a harsher sentence than would have been imposed in the absence of the unpopular views. See United States v. Lemon, 723 F.2d 922, 937-38 (D.C.Cir.1983), United States v. Rosenberg, 806 F.2d 1169, 1179 (3d Cir.1986), United States v. Bangert, 645 F.2d 1297, 1308 (8th Cir.1981). If a judge demonstrably relies on an unconstitutional basis in selecting a sentence, even if other reasons might have justified that sentence, it still must be vacated and the case remanded for resentencing. However, a sentence need not be vacated if a judge merely mentions an arguably impermissible reason for selecting a sentence but there is no showing of reliance on those impermissible reasons. Lemon, 723 F.2d at 938 (sentence based on beliefs protected by the First Amendment is constitutionally invalid).
 
 
 8
 In the case at bar, we find no evidence that Judge Wilhoit actually relied on Mr. Tomlin's views to increase the severity of his sentence. Indeed, both Tomlins adhered to the view that marijuana should be legalized and both pled guilty to the same offense, yet they received different sentences. Only Mr. Tomlin was sentenced at the top of the relevant guideline range, and only he claims that his sentence was enhanced as a result of his beliefs.
 
 
 9
 Two factors in the record provide persuasive reasons for the difference between Mr. and Ms. Tomlin's sentences. Between the time he pled guilty and the time his sentence was imposed, two urinalysis examinations that Mr. Tomlin submitted to were positive for the presence of marijuana metabolites. In addition, Mr. Tomlin had one previous drug conviction.
 
 
 10
 A fuller examination of the sentencing record shows that the trial court was not penalizing Mr. Tomlin for protected beliefs, but rather for acts in furtherance of those beliefs--trafficking in drugs and taking drugs as shown by the urinalysis reports. As Judge Wilhoit said:
 
 
 11
 I am sentencing you to the top of the guidelines for all of the reasons I have stated here and ... in particular the fact that you had this $21,000 in cash, and your explanation for it ... lacks credibility with me. And, also ... you had one prior drug conviction ... [and y]ou continue to use the drugs since you have been on bond....
 
 
 12
 Because Judge Wilhoit did not demonstrably rely on an impermissible or unconstitutional basis in sentencing Mr. Tomlin, Mr. Tomlin's sentence is AFFIRMED.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 United States v. Campbell, 947 F.2d 946 (Table), 1991 WL 224103, 1991 U.S.App.Lexis 30790 (6th Cir.1991) (unpublished); United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989); United States v. Reed, 914 F.2d 1288 (9th Cir.1990). The proper standard for review of the district court's finding of facts is the "clearly erroneous" standard. 18 U.S.C. 3742(e). Cf. United States v. Castro, 908 F.2d 85, 90 (6th Cir.1990); United States v. Hays, 899 F.2d 515, 519 (6th Cir.), cert. denied 111 S.Ct. 385 (1990)