**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Victor Charles REED,
Defendant–Appellant.**

No. 89–10284.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 14, 1990 *.

Decided Sept. 18, 1990.

Michael H. Murray, Law Offices of Timothy B. Rien, Livermore, Cal., for defendant-appellant.

Eric R. Havian, Asst. U.S. Atty., Appellate Section, San Francisco, Cal., for plaintiff-appellee.

Before GOODWIN, Chief Judge, and SNEED and NOONAN, Circuit Judges.

SNEED, Circuit Judge:

Appellant Reed pleaded guilty to one felony count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1988). A second count of conspiracy to distribute cocaine was dropped by the United States. Initially appellant was not sentenced under the Sentencing Guidelines, but subsequent to *Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), he was resentenced to 97 months in prison and a five-year term of supervised release. In this appeal he challenges his sentences on four grounds. We affirm.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

## I.

### FACTS AND PROCEEDINGS BELOW

The district court, in sentencing Reed to 97 months in prison and a five-year term of supervised release, set the base offense level at 28, adjusted up two levels because of Reed's leadership role in the offense, Guidelines § 3B1.1(c), and adjusted down two levels for Reed's acceptance of responsibility, Guidelines § 3E1.1. Reed requested a downward departure under Guidelines § 5K2.0 because of his unstable family history and family responsibilities. The court declined the request. Based upon an offense level of 28 and criminal history category of I, the sentencing range spanned from 78 to 97 months. The district court found "that public safety mandates a sentence at the high end of the Guidelines range because the defendant is, by his own admission, the leader of a drug operation that trafficked in large quantities of high-quality cocaine for a substantial period of time."

Reed appeals and challenges his sentence. First, he argues that the Sentencing Guidelines are unconstitutional as a violation of the Presentment Clause. Second, Reed claims that the district court misapplied the Guidelines in determining his role in the offense. Third, he asserts that the district court violated 18 U.S.C. § 3553(b) (1988) by failing to determine whether the mitigating circumstances advanced by him justified a downward departure from the Guidelines. Finally, Reed states that the district court erred by allowing Reed's role in the offense to influence its decision to sentence Reed at the upper end of the Guidelines range. Reed argues that his role in the offense had already been considered in the calculation of his offense level, and therefore should not also be a consideration in selecting his sentence from within the range.

The United States argues that there is no violation of the Presentment Clause and that the district court did not misapply the Guidelines. It then asserts that this court has no jurisdiction to review the third and fourth issues raised by Reed.

Such appellate jurisdiction as we possess rests on 28 U.S.C. § 1291 (1988).

## II.

### THE PRESENTMENT CLAUSE CHALLENGE

The Presentment Clause reads as follows:

> Every Order, Resolution, or Vote to which the Concurrence of the Senate and House of Representatives may be necessary ... shall be presented to the President of the United States; and before the Same shall take Effect, shall be approved by him, or being disapproved by him, shall be repassed by two thirds of the Senate and House of Representatives....

U.S. Const. article I, § 7, cl. 3.

Reed essentially repeats the challenge that was made in *United States v. Litteral*, 910 F.2d 547, 551–52 (9th Cir.1990). There we held that "the Sentencing Guidelines do not violate *Chadha*." *Id.* at 551–52 (citing *INS v. Chadha*, 462 U.S. 919, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983)). We need not address this issue further.

## III.

### REED'S LEADERSHIP ROLE

Section 3B1.1(c) of the Sentencing Guidelines provides that the court is to "increase [by *2* levels] the offense level.... [i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity...." Reed says he did not play such a role and challenges the district court's conclusion that he was, by his own admission, the leader of a drug operation. Although Reed is correct that he never explicitly stated that he was a leader of the drug operation, he did make admissions as to his conduct which indicate that he played an organizing role in the offense. We have examined the record and are satisfied that the district court did not err.

**1290**

## IV.

### *REFUSAL TO DEPART DOWNWARD*

■ Appellant seeks review of the district court's refusal to depart downward from the Guidelines, as is permitted by section 5K2.0. The panel does not have the jurisdiction to review this challenge. *See United States v. Morales*, 898 F.2d 99, 100 (9th Cir.1990).

## V.

### *THE SENTENCING OF REED TO THE UPPER END OF THE RANGE*

■ Reed claims that the district court "double-counted" his role in the offense by considering it once when increasing the offense level pursuant to section 3B1.1(c) and a second time when deciding to sentence Reed at the upper end of the Guidelines range. The United States contends that *Morales* also applies and that, as a consequence, we have no jurisdiction to review the district court's decision to sentence Reed at the upper end of the Guidelines range. We agree.

This court may review a sentence if the sentence:

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guideline range ... or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a) (1988). We find that, as in the case of a district court's discretionary decision not to depart downward from the Guidelines, none of the subparts of section 3742(a) characterizes a district court's discretionary decision to sentence at a particular place within the applicable Guidelines range.

The only limit to a district court's discretion in sentencing anywhere within the prescribed range is set forth in Chapter 5 of the Sentencing Guidelines. The Chapter 5 directive requires courts to "impose a sentence sufficient, but not greater than necessary, to comply with the statutory purpose of sentencing" set forth in 18 U.S.C. § 3553(a).[1] Therefore, sentencing *anywhere* within the applicable Guidelines range cannot be construed either as a violation of law, *see* 18 U.S.C. § 3742(a)(1), or an incorrect application of the Guidelines, *see* 18 U.S.C. § 3742(a)(2). In addition, if the sentence is *within* the Guidelines range, it is, by definition, not *greater* than the sentence specified in that range. *See* 18 U.S.C. § 3742(a)(3). Finally, if the sentence is within the range, there clearly is a sentencing guideline that applies, *see* 18 U.S.C. § 3742(a)(4), and we thus lack jurisdiction to review an appellant's challenge. *See United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591–92, 30 L.Ed.2d 592 (1972) ("[A] sentence imposed by a federal district judge, if within statutory limits, is generally not subject to review.").

AFFIRMED.

---

1. Section 3553(a) sets forth the factors to be considered in *sentencing a defendant*. Subsection (a)(2) identifies the statutory purpose of sentencing:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2) (1988).