972 F.2d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alton Parker HENDERSON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth STEWART, Defendant-Appellant.
 Nos. 91-50451, 91-50458.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1992.*
Decided July 22, 1992.
 
 Before FARRIS, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alton Parker Henderson and Kenneth Stewart appeal the denial of their motion to suppress identification evidence. They argue that the use of a field show-up identification procedure violated due process. Henderson and Stewart also appeal their sentences. We affirm in part and dismiss in part.
 
 STATEMENT OF CASE
 
 3
 The Security Pacific National Bank in Moreno Valley was robbed on March 19, 1991 by two robbers. The first robber drew a gun, pulled a ski mask over his face, and announced the robbery. The second robber, who did not wear a mask, passed in front of each teller and collected $3774 in a bag. Tellers Christopher Bougher and Bertha Lozano observed both robbers. Bougher saw the first robber's face for a few seconds while the robber fumbled with his ski mask. Lozano looked closely for ten to fifteen seconds at the second robber as he passed with the bag. After the robbery, Bougher and Lozano wrote some notes and were interviewed by the police.
 
 
 4
 Immediately after the robbery police observed a vehicle driven by Stewart run a red light. Henderson was a passenger in the car. Stewart and Henderson led the police on a half-hour chase during which the fleeing car reached a speed of ninety-five miles per hour. Henderson threw a loaded gun and cash from the car. Stewart and Henderson were finally apprehended near a deserted business park in Riverside.
 
 
 5
 Police officers drove Bougher and Lozano together to the business park where Henderson and Stewart were apprehended and conducted a field show-up. The tellers were told that two "suspects" had been taken into custody but that the tellers were not to assume that these suspects had committed the robbery. Stewart was apparently presented first. Bougher and Lozano saw Stewart struggle with police officers to resist being viewed. As Stewart stood in handcuffs before the marked police car, Lozano and Bougher both positively identified him as the "bagman." When Henderson was shown, Lozano did not recognize his face, but she thought that Henderson was the robber with the gun. Bougher also identified Henderson as a robber.
 
 
 6
 Henderson and Stewart were both charged with bank robbery. Their motions to suppress the identification evidence were denied after a hearing and they each entered conditional guilty pleas. The district court increased each appellant's base offense level by two levels under U.S.S.G. s3C1.2 for reckless endangerment during flight. The district court sentenced Henderson and Stewart to the maximum sentence in their relevant guideline ranges.
 
 DISCUSSION
 A. Pretrial Identification Procedure
 
 7
 Henderson and Stewart both argue that the field show-up violated due process because it was unnecessarily suggestive and that the resulting identifications were unreliable. We examine the totality of the circumstances to determine whether an "identification procedure is so impermissibly suggestive as to give rise to a substantial likelihood of mistaken identification," thereby denying a defendant due process of law. United States v. Bagley, 772 F.2d 482, 492 (9th Cir.1985), cert. denied, 475 U.S. 1023, 106 S.Ct. 1215, 89 L.Ed.2d 326 (1986); United States v. Kessler, 692 F.2d 584, 585 (9th Cir.1982). The show-up procedure in this case does not appear to have been impermissibly suggestive. Bagley, 772 F.2d at 492-93; Kessler, 692 F.2d at 586.
 
 
 8
 Even if the identification procedure were impermissibly suggestive, the identification testimony may properly be admitted into evidence if under the totality of the circumstances the identification is sufficiently reliable. Bagley, 772 F.2d at 492; Ponce v. Cupp, 735 F.2d 333, 336 (9th Cir.1984). Our review of the record satisfies us that Stewart was reliably identified by both Bougher and Lozano. Moreover, the identification of Henderson by Bougher was reliable.[1]
 
 
 9
 B. Enhancement of Henderson's Sentence for Reckless Endangerment
 
 
 10
 Henderson contends that the district court erroneously enhanced Henderson's sentence under U.S.S.G. § 3C1.2 for reckless endangerment during flight. Henderson argues that only Stewart, the driver of the fleeing vehicle, acted recklessly. However, the district court found that the flight was a "joint effort" of Henderson and Stewart and that Henderson was a "co-participant" in the high-speed chase. The district court's finding that Henderson was an equal participant in the reckless flight was not clearly erroneous. Thus the district court did not err by increasing the sentence under section 3C1.2.
 
 C. Stewart's Sentence
 
 11
 Stewart contends that the district court erroneously "double-counted" the high-speed chase by increasing Stewart's sentence under U.S.S.G. § 3C1.2 and by sentencing Stewart to the high end of the guidelines range. We lack jurisdiction to review the district court's decision to sentence Stewart to the upper end of the guidelines range. United States v. Reed, 914 F.2d 1288, 1290 (9th Cir.1990). Stewart does not claim that his sentence is otherwise "in violation of law," 18 U.S.C. § 3742(a)(1), and thus the sentence is not reviewable.
 
 
 12
 Appeal DISMISSED as to Stewart's sentencing claim. In all other respects, AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lozano's testimony indicates that she could not really identify Henderson, but it appears that the government did not intend to rely upon her for that purpose