983 F.2d 1078
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Artem B. DAVID, Defendant-Appellant.
 No. 91-10481.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 15, 1992.
Decided Jan. 11, 1993.
 
 Before GOODWIN, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Artem David ("David") appeals his conviction for operating a Continuing Criminal Enterprise ("CCE"), 21 U.S.C. § 848, and his sentence to life imprisonment. We affirm.
 
 TRIAL PHASE
 
 3
 * David argues that the prosecutor improperly vouched for two witnesses, Mark Stennis ("Stennis") and Sonny Puerto ("Puerto"). During direct examination, the prosecutor elicited testimony from both witnesses to the effect that their plea agreements required them to testify truthfully. In addition, the prosecutor elicited testimony from Puerto that he understood that false testimony could result in perjury charges.
 
 
 4
 Because David failed to object to the prosecutor's questioning, reversal is proper only for plain error. United States v. Endicott, 803 F.2d 506, 513 (9th Cir.1986).
 
 
 5
 A trial judge may cure the effect of a prosecutor's improper questions by giving an appropriate curative instruction to the jury. Id. The judge carefully spelled out the impropriety of any prosecutorial vouching for witnesses, specifically instructing the jury, "The Government cannot vouch for the credibility of the Government witness. You should never rely on any suggestion that the Government has made an assessment of the truthfulness of the Government witness. In this case, that is solely your function."
 
 
 6
 The prosecutor did not pursue this line of inquiry any further, and the judge's curative instruction was sufficient to cure any prejudice that may have resulted from the prosecutor's improper questioning. Cf. United States v. Wallace, 848 F.2d 1464, 1473 & 1475 (9th Cir.1988) (prosecutor referred to plea agreements in closing and rebuttal arguments; held that remand was appropriate because of cumulative effect of vouching and several other errors).
 
 
 7
 The present case is distinguishable from United States v. Smith, 962 F.2d 923 (9th Cir.1992), in which the prosecutor not only invoked the "integrity of the government" but also the "integrity of the court." Id. at 936 ("But if I did anything wrong in this trial, I wouldn't be here. The court wouldn't allow that to happen.").
 
 II
 
 8
 The district judge did not err in admitting evidence of the seizure of five kilograms of heroin from George Anderson ("Anderson"). Although the indictment did not allege that the heroin seized from Anderson was the basis for one of the series of violations of the Controlled Substance Act, 21 U.S.C. § 801 et seq., it stated that the series "is not limited to" the enumerated violations. Indeed, "there is no legal requirement that the violations which make up the continuing series be specifically listed in the indictment." United States v. Sterling, 742 F.2d 521, 526 (9th Cir.1984), cert. denied, 471 U.S. 1099 (1985).
 
 III
 
 9
 David argues that the admission of foreign deposition testimony of two witnesses for the prosecution, Michael DeWitt ("DeWitt") and Eduardo Gomez ("Gomez"), was improper on the grounds that it violated the Sixth Amendment confrontation clause, the due process clause, the principles of Brady v. Maryland, 373 U.S. 83 (1963), and Federal Rule of Evidence 804. We disagree.
 
 
 10
 First, David misstates the factual predicate of this case when he claims that he "was not given an opportunity to attend the deposition" (emphasis in original). To the contrary, in the government's motion for a deposition, the government explicitly stated that it would pay David's expenses in order for him to attend the deposition. Defense counsel also concedes that he may have informed the prosecutor that David did not want to go to the Phillipines. Finally, defense counsel stipulated to the mechanics of the deposition which provided for a telephone for the purpose of client-attorney consultation during the deposition. There was an opportunity to participate and the witness was available for cross-examination.
 
 
 11
 Given these facts, David's absence from the depositions does not constitute a violation of the Sixth Amendment or the Due Process Clause. See United States v. Salim, 855 F.2d 944, 954-55 (2d Cir.1988).[1]
 
 
 12
 Second, the government's failure to disclose Puerto and Stennis's post-arrest statements was not a Brady violation. David failed to detail any contradictions between the witnesses' deposed testimony and the statements recorded by the DEA agent.[2] Moreover, he did not explain how the statements recorded by the DEA agent "would tend to exculpate [the defendant] or reduce the penalty." Brady, 373 U.S. at 87-88. Therefore, the witness statements were not subject to disclosure under Brady. See United States v. Bailleaux, 685 F.2d 1105, 1113 (9th Cir.1982).
 
 
 13
 Finally, the government's failure to secure affidavits verifying the unavailability of DeWitt and Gomez at the time of trial did not violate Federal Rule of Evidence 804. The government had previously submitted an affidavit stating that Dewitt and Gomez were both unavailable because they were in Filipino custody. The prosecutor's statements during pre-trial motions made clear that the witnesses continued to be unavailable--Dewitt because he had been convicted and sentenced to life imprisonment by the Filipinos, and Gomez because his trial was still in progress. The prosecutor's failure to comply with the district judge's request for an additional affidavit was not raised by defense counsel at trial. The prosecutor's oversight was harmless error.
 
 SENTENCING PHASE
 
 14
 * The district judge properly increased David's offense level by two levels based on his finding that David had obstructed the administration of justice. United States Sentencing Commission Guidelines Manual ("U.S.S.G.") § 3C1.1, Application Note 3(f).
 
 
 15
 The district judge held that David perjured himself twice at his sentencing hearing. The court's determination as to whether David testified untruthfully presents an issue of fact subject to "clear error" review. United States v. Barbosa, 906 F.2d 1366, 1369 (9th Cir.), cert. denied, 111 S.Ct. 394 (1990).
 
 
 16
 The commentary to Guideline § 3C1.1 provides that "suspect testimony and statements should be evaluated in a light most favorable to the defendant." U.S.S.G. § 3C1.1, Application Note 1. However, this "does not require that all conflicts in testimony be resolved in favor of the defendant, but 'simply instructs the sentencing judge to resolve in favor of the defendant those conflicts about which the judge, after weighing the evidence, has no firm conviction.' " United States v. Batista-Polanco, 927 F.2d 14, 20 (1st Cir.1991) (quoting United States v. Franco-Torres, 869 F.2d 797, 801 (5th Cir.1989)).
 
 
 17
 "[A] court reviewing the imposition of a sentence under the Guidelines should give 'due regard to the opportunity of the district court to judge the credibility of the witness' and 'due deference to the district court's application of the Guidelines to the facts.' " Barbosa, 906 F.2d at 1370 (quoting United States v. Sanchez-Lopez, 879 F.2d 541, 557 (9th Cir.1989)). In the present case, the district judge had a firm conviction after weighing the evidence, and we must defer to the judge's determination that "there is no question ... that Mr. David testified falsely."[3]
 
 II
 
 18
 Although the sentence imposed by the district judge was within the correctly calculated sentencing guideline range, David contends that his sentence was unfair because the judge unduly penalized him for his perjured testimony and relied on reckless statements by the government. We disagree.
 
 
 19
 The former claim is precluded by this court's decision in United States v. Reed, 914 F.2d 1288, 1290 (9th Cir.1990) (rejecting argument that judge had "double-counted" defendant's role in crime "by considering it once when increasing the offense level ... and a second time when deciding to sentence [him] at the upper end of the Guidelines range").
 
 
 20
 The latter claim is similarly without merit, because "sentencing anywhere within the applicable Guidelines range cannot be construed either as a violation of law, or an incorrect application of the Guidelines." Reed, 914 F.2d at 1290 (citations omitted) (emphasis in original). Furthermore, there is no evidence in the record that the district judge based David's sentence on the government's statement. Rather, the judge partially based his sentence on the fact that David dealt with "substantial" quantities of heroin. This is undeniably true and is a proper basis for determining David's sentence.
 
 
 21
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Appellant's argument that the government failed to obtain a written waiver pursuant to Federal Rule of Criminal Procedure 15(b) is without merit in light of the evidence that David waived his right and the fact that no prejudice resulted to him due to his failure to attend the deposition. See United States v. Sines, 761 F.2d 1434, 1440 (9th Cir.1985) (harmless error analysis applied to Rule 15(b) requirement of written notice)
 
 
 [2]
 At trial, defense counsel argued that DeWitt made inconsistent statements regarding his acquisition of the golf bag which was used to transport heroin. However, the inconsistency was trivial. According to the DEA agent's summary, DeWitt said that the golf bag was given to him because it was better than the one he had. Defense counsel noted that DeWitt stated at his deposition that the golf bag was a gift and "nothing was said about that it was better than the one he had."
 
 
 [3]
 It is therefore unnecessary to determine the propriety of the judge's alternative ground for finding an obstruction of justice--David's alleged destruction of the heroin price list