985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nickolas MARTINEZ, Jr., Defendant-Appellant.
 No. 92-50264.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 27, 1993.
 
 1
 Appeal from the United States District Court for the Southern District of California, No. CR 91-0793-RMB; Rudi M. Brewster, District Judge, Presiding.
 
 
 2
 S.D.Cal.
 
 
 3
 AFFIRMED.
 
 
 4
 Before CANBY and ALAN E. NORRIS, Circuit Judges, and TANNER,** Senior District Judge.
 
 
 5
 MEMORANDUM***
 
 
 6
 Martinez appeals the imposition, under the Guidelines, of a twenty-four month sentence for transporting illegal aliens. We affirm.
 
 
 7
 On August 27, 1991 the defendant was observed by Border Patrol agents driving a Pontiac Grand Prix at a high rate of speed in an area notorious for alien smuggling. The agents activated their red lights and siren and began to pursue the defendant. After traveling at excessive speed on several streets, the defendant exited the vehicle as it continued to roll and jumped the fence which separated the road from Interstate 5 and ran onto the freeway. He ran across the freeway, and after causing several vehicles to swerve to miss him and nearly causing two vehicles to collide, he was apprehended. Illegal aliens were found in the vehicle the defendant was driving. They all indicated they were in fear for their lives during the chase.
 
 
 8
 On January 13, 1992, the defendant entered a guilty plea to a two-count indictment charging him with violations of 8 U.S.C. § 1324(a)(1)(B).
 
 
 9
 On February 19, 1992, a Presentence Report (PSR) was filed. The author calculated the Guidelines as a base offense level of nine, plus two levels for reckless endangerment during flight (§ 3C1.2), and minus two levels for acceptance of responsibility to arrive at a total offense level of nine. The defendant's criminal history was calculated to be IV, thus resulting in a guidelines range of twelve to eighteen months. The author of the PSR recommended a two-level departure based on the chase, for a guideline range of eighteen to twenty-four months.
 
 
 10
 After both parties filed objections to the PSR, an addendum was filed on March 25, 1992. In that addendum, the author recalculated the guideline range by adding two levels under § 2L1.1(b)(2) because the defendant had previously been convicted of Aiding and Abetting Illegal Entry. This resulted in a total offense level of eleven and a criminal history category of IV, which results in a guideline range of eighteen to twenty-four months. The author continued to recommend a two-level departure to a guideline range of twenty-four to thirty months.
 
 
 11
 At the sentencing hearing on April 27, 1992, the defendant objected to the addition, in the addendum to the PSR, of two levels under 2L1.1(b)(2). He argued that aiding and abetting illegal entry was a misdemeanor and therefore was not a related offense for purposes of the Guidelines. The district court rejected the argument and found that it was a related offense. This finding was correct. We have recently held that aiding and abetting an illegal entry is a related offense under § 2L1.1(b)(2). United States v. Cruz-Ventura, No. 91-50720, slip. op. 11455, 11462 (9th Cir. Sept. 22, 1992). By finding that the prior conviction was a related offense and adding two levels, the total offense level became eleven, with the same criminal history category resulting in a guideline range of eighteen to twenty-four months. The defendant was sentenced within this range as determined in the addendum to the PSR.
 
 
 12
 Martinez argues that because the district court identified factors that warranted a departure but did not depart, the case should be remanded for resentencing in order for the district court to state the reasons it relied upon in sentencing him within the guideline range as calculated in the addendum to the PSR. The record as a whole indicates that the sentence imposed was within the guideline range as determined by the district court; therefore, we cannot find an incorrect or unlawful application of the Guidelines. See United States v. Reed, 914 F.2d 1288, 1290 (9th Cir.1990).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3