39 F.3d 1189
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank V. OKIYAMA, Defendant-Appellant.
 No. 93-10494.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 31, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank V. Okiyama appeals his conviction following a jury trial, and his 327-month sentence for possession with intent to distribute methamphetamine and distribution of methamphetamine in violation of 21 U.S.C. Sec. 841(a)(1). Okiyama contends that the district court (1) erred by denying his motion for acquittal because there was insufficient evidence to sustain his conviction, and (2) engaged in impermissible double counting at sentencing. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Sufficiency of the Evidence
 
 
 4
 There is sufficient evidence to support a conviction if, "a reasonable jury, after viewing the evidence in the light most favorable to the government, could have found the defendants guilty beyond a reasonable doubt." United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991). "[C]ircumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction." United States v. Garza, 980 F.2d 546, 553 (9th Cir.1992). In evaluating the sufficiency of the evidence, we must respect the exclusive province of the jury to determine the credibility of witnesses. United States v. Boone, 951 F.2d 1526, 1536 (9th Cir.1991).
 
 
 5
 Under 21 U.S.C. Sec. 802(11) to "distribute" means to "deliver (other than by administering or dispensing) a controlled substance"; under 21 U.S.C. Sec. 802(8) "[t]he terms 'deliver' or 'delivery' mean the actual, constructive, or attempted transfer of a controlled substance." See also United States v. Davis, 564 F.2d 840, 844 (9th Cir.1977), cert. denied, 434 U.S. 1015 (1978). The fact that a defendant may not receive money prior to an arrest by federal agents does not mean that the distribution was incomplete. See Garza, 980 F.2d at 553; see also United States v. Vincent, 20 F.3d 229, 233 (6th Cir.1994) (under section 802(11) government need only to show that defendant knowingly or intentionally delivered a controlled substance regardless of actual payment).
 
 
 6
 Here, government agents testified at Okiyama's trial that they executed a search warrant on Okiyama's room at the Mai'Ana Hotel. During their search, Okiyama and four individuals entered the room at separate times. Okiyama and two of the individuals carried crystal methamphetamine or "ice" on their bodies. A third person came in with drug paraphernalia and $500 cash on his person and asked for Okiyama. That same day, government agents arrested three people in the room of Richard Borja, Okiyama's nephew. Agents seized methamphetamine, drug paraphernalia and packing material from Borja's room.
 
 
 7
 Lorraine Guerrero, one of the persons arrested in Okiyama's room, testified that a friend had asked her to buy some ice for him and that she had approached Rocindo Alforque, who also had been arrested in Okiyama's room, about buying one gram of ice for $1,000. Guerrero testified that she had gone to Okiyama's room to complete the transaction with Alforque. Government agents testified that after his arrest, Okiyama told them that he had given Alforque ice earlier in the day and had gone to his room in order receive the $1,000 that Alforque was going to obtain from Guerrero. The government also presented at trial a signed statement by Okiyama, written during the time that he had worked in cooperation with the government, stating that he had gone to his hotel room so that he could get paid $1,000 for the ice that he had given to Alforque. Okiyama was charged with distributing .4131 grams of ice, the amount possessed by Alforque at the time of his arrest in Okiyama's room.
 
 
 8
 Other individuals arrested at the Mai'Ana Hotel testified that Okiyama regularly shared ice with his friends and nephew and on at least one occasion offered it in an attempt to obtain sex.
 
 
 9
 Given the testimony presented at Okiyama's trial and Okiyama's signed statement, there was ample evidence from which a reasonable jury could find that Okiyama was distributing ice. See Mares, 940 F.2d at 458. The fact that Okiyama did not receive money prior to his arrest does not mean that the distribution was incomplete or unsuccessful. See Garza, 980 F.2d at 553; see also United States v. Ramirez, 608 F.2d 1261, 1264 (9th Cir.1979) (sharing narcotics with friends constitutes "distribution"). Accordingly, the district court did not err by denying Okiyama's motion for a judgment of acquittal.
 
 II
 Double Counting
 
 10
 Okiyama contends the district court improperly engaged in double counting by utilizing his prior convictions as the basis for both determining that he was a career offender and imposing a sentence at the top of the applicable Guidelines range. Whether the district court may calculate a sentence in this manner was settled by United States v. Reed, 914 F.2d 1288, 1290 (9th Cir.1990); see also United States v. Sanchez-Lopez, 879 F.2d 541, 558-59 (9th Cir.1989). To the extent Okiyama requests us to reconsider Reed, we note that a three-judge panel lacks authority to overrule Ninth Circuit precedent. See United States v. Lucas, 963 F.2d 243, 247 (9th Cir.1992).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3