59 F.3d 177
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Leon SMITH, Defendant-Appellant.
 No. 94-50543.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 12, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leon Smith appeals his 167-month sentence imposed following remand by this court. He contends that the district court exceeded the scope of our remand order. He also contends that the district court erred by considering his actions during flight when it selected the appropriate sentence within the guidelines range. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Smith was convicted, following a jury trial, for armed bank robbery, in violation of 18 U.S.C. Sec. 2113(a) and (d), and use of a firearm during a crime of violence, in violation of 18 U.S.C. Sec. 924(c). On the armed bank robbery count, the district court set his adjusted offense level at 22, including a two-level upward adjustment for reckless endangerment during flight pursuant to U.S.S.G. Sec. 3C1.2, resulting in a guidelines range of 63-78 months imprisonment. The district court departed downward 13 months based on imperfect duress and sentenced Smith to 50 months imprisonment. The district court also imposed a consecutive 120-month term on the firearm count. We affirmed Smith's conviction but held that the district court had made insufficient findings as to the Sec. 3C1.2 adjustment because Smith was a passenger in the getaway car. We remanded "for findings as to the specific conduct on which [the district court] based the enhancement, including any inferential evidence on which it relied." United States v. Smith, No. 93-50356, unpublished memorandum disposition (9th Cir. July 28, 1994).
 
 
 4
 On remand, the district court eliminated the Sec. 3C1.2 adjustment, resulting in an adjusted offense level of 20 and a guidelines range of 51-63 months. The district court selected 60 months as the appropriate sentence within the range and then departed downward 13 months to a 47-month term on the armed bank robbery count.
 
 
 5
 Smith contends that on remand, the district court was limited to either justifying or eliminating the Sec. 3C1.2 adjustment. He contends that the district court exceeded the scope of our remand order because by reducing the sentence by 3 months, it either reduced the amount of departure from 13 to 4 months or reconsidered the selection of the appropriate sentence within the guidelines range. This contention lacks merit.
 
 
 6
 If we limit the scope of remand to a single sentencing issue, then the district court is without authority to reexamine any other sentencing issues. United States v. Pimental, 34 F.3d 799, 800 (9th Cir.1994) (per curiam), cert. denied, 115 S.Ct. 777 (1995).
 
 
 7
 Here, we "AFFIRMED EXCEPT AS TO SENTENCING ENHANCEMENT" and remanded for the district court to reconsider the Sec. 3C1.2 adjustment. Our order contemplated the possibility that the district court would eliminate the adjustment, resulting in a lower guidelines range. Accordingly, the district court had authority to select the appropriate sentence within this new range. See id.
 
 
 8
 Smith also contends that having rejected the adjustment for reckless endangerment during flight, the district court erred by considering his actions during flight when it selected the appropriate sentence within the range. We lack jurisdiction to consider this contention. See United States v. Reed, 914 F.2d 1288, 1290 (9th Cir.1990).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3