**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Chang In BANG, Defendant–Appellant.**

**No. 99–10226.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 16, 2000.[2]

Decided Feb. 5, 2001.

---

**2.** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before HUG, Chief Judge, TROTT and WARDLAW, Circuit Judges.

## AMENDED MEMORANDUM [1]

Appellant Chang In Bang ("Bang") appeals his 135–month sentence for the Importation of Crystal Methamphetamine in violation of 21 U.S.C. §§ 952(a) and 960. Bang entered into a written plea agreement with the government and pleaded guilty to the charges against him. Under this agreement, the government agreed to recommend that Bang receive a sentence on the low end of the applicable Federal Sentencing Guidelines ("Sentencing Guidelines"), and possibly a downward departure for substantial assistance, in exchange for Bang's cooperation. Bang challenges his sentence on four grounds: (1) the government breached the plea agreement; (2) the district court erred in not awarding Bang a mitigating role adjustment in his sentence; (3) he received ineffective assistance of counsel; and (4) the district court erred when it allegedly failed to provide an adequate explanation for the sentence imposed. Because the parties are familiar with the facts, we need not reiterate them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and AFFIRM the district court. Because the record on appeal is inadequate, we decline to entertain Bang's ineffective assistance of counsel claim at this time.

### DISCUSSION

#### 1. Breach of the Plea Agreement

■ Bang argues for the first time on appeal that the government breached the plea agreement. In *Flores–Payon,* we held that considerations of fairness and judicial efficiency ordinarily preclude us from entertaining an allegation, raised for the first time on appeal, that the government breached a plea agreement. *United States v. Flores–Payon,* 942 F.2d 556, 560

(9th Cir.1991). However, a defendant may raise a breach of plea agreement claim for the first time on appeal where, *inter alia,* "the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court." *Id.* at 558.

Here, Bang failed to bring the government's alleged breach of the plea agreement to the attention of the district court. Therefore, we must determine whether Bang's claim can be resolved as a matter of law. It cannot. The question of whether the government breached its plea agreement with Bang requires us to make "factual determinations concerning the nature of the agreement and the litigants' intent." *Id.* at 560. Bang himself classifies the issue as one of fact, stating that "[w]hat the parties agreed to in a plea agreement is a question of fact to be resolved using objective standards." Bang is accordingly barred from claiming for the first time on appeal that the government breached the plea agreement.

#### 2. Mitigating Role Adjustment

■ Bang contends that the district court erred in refusing to grant him a mitigating role adjustment pursuant to § 3B1.2 of the United States Sentencing Guidelines. Bang did not object to the district court's calculation of his offense level or the sentence imposed. The failure to do so constitutes a waiver for purposes of direct appeal. *See United States v. Ortland,* 109 F.3d 539, 548 (9th Cir.1997) (finding that the defendant had "waived any claim that his role in the offense was minor when he did not request a reduction for minor participation in the district court."). "We have recognized certain narrow exceptions to the general rule

**1.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

against review on appeal of issues not raised below: if (1) there are 'exceptional circumstances' why the issue was not raised in the trial court, (2) the new issue arises while the appeal is pending because of a change in the law, or (3) the issue presented is purely one of law...." *Flores–Payon*, 942 F.2d at 558 (internal quotations omitted). None of these exceptions apply here. There were no exceptional circumstances behind Bang's failure to object, no new law arose while Bang's appeal was pending, and "[t]he decision whether to apply a minor role adjustment 'involves a determination that is heavily dependent upon the facts of the particular case.'" *United States v. Duran*, 189 F.3d 1071, 1088 (9th Cir.1999) (quoting U.S.S.G. § 3B1.2, comment. (backg'd.)). Thus, Bang is precluded from claiming for the first time on appeal that the district court erred in not granting him a mitigating role adjustment.

### 3. Ineffective Assistance of Counsel

■ Whether a defendant received ineffective assistance of counsel is reviewed de novo. *See United States v. Mack*, 164 F.3d 467, 471 (9th Cir.1999).

■ Bang's ineffective assistance of counsel claim cannot be raised on direct appeal. "Ineffective assistance claims ... are ordinarily left for collateral habeas proceedings due to the lack of a sufficient evidentiary record as to what counsel did, why it was done, and what, if any, prejudice resulted." *United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir.2000) (internal quotations omitted). Ineffective assistance claims are only reviewed on direct appeal where "the record is sufficiently developed to permit review and determination of the issue, or the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *United States v. Rivera–San-*

*chez*, 222 F.3d 1057, 1060 (9th Cir.2000) (internal quotations omitted).

Neither of the above exceptions pertains to the instant case. First, the record is not sufficiently developed to allow us to evaluate Bang's ineffective assistance claim without looking to facts outside the record. *See United States v. Houtchens*, 926 F.2d 824, 828 (9th Cir.1991) (declining to reach merits of defendant's ineffective assistance claim because "such a claim cannot be advanced without the development of facts outside the original record" (internal citations omitted)); *Rivera–Sanchez*, 222 F.3d at 1060 (holding that the record was sufficient to warrant a review of the defendant's ineffective assistance claim where the district court held a hearing examining the effectiveness of the defendant's representation).

Second, the record simply does not support Bang's assertion that his legal representation was so inadequate that it obviously denied him his Sixth Amendment right to counsel. We therefore decline to entertain Bang's ineffective assistance of counsel claim on direct appeal.

### 4. The District Court's Explanation of Its Sentence

■ Whether the district court stated sufficient reasons for sentencing a defendant to a particular point within a guideline range of more than twenty-four months is a question of law reviewed de novo. *See United States v. Duran*, 37 F.3d 557, 560 (9th Cir.1994).

■ The government contends that under *United States v. Reed*, 914 F.2d 1288, 1290 (9th Cir.1990), we lack jurisdiction to review Bang's challenge to his sentence. The government's reliance on *Reed* is misplaced. In *Reed*, we determined that we lack jurisdiction to consider a defendant's claim regarding "a district court's discre-

tionary decision to sentence at a particular place within the applicable Guidelines range." *Id.* This holding is inapposite to the instant case. Bang is not challenging his sentence on the ground that the district court awarded a sentence at the high end of the applicable sentencing range. Rather, Bang contends that the district court failed to provide an adequate explanation for its sentencing decision as required by 18 U.S.C. § 3553(c)(1). Thus, we have jurisdiction to determine whether the district court offered sufficient reasons for imposing a 135–month sentence.

 Bang argues that the district court's sentence is unlawful and must be vacated because the court did not state its rationale for imposing a term of imprisonment at the top end of the guideline range. Bang is mistaken. The district court adequately explained its reasons for issuing a 135–month sentence. We have held that "18 U.S .C. § 3553(c) requires the district court to state, in open court, its general reasons for its imposition of the particular sentence ... [and that this] requirement is satisfied by an explanation of how the district court determined the relevant guideline range." *United States v. Lockard,* 910 F.2d 542, 546 (9th Cir.1990). The district court satisfied this standard by articulating how it calculated Bang's sentence:

> Base offense level is 34; adjustment for importation of methamphetamine, plus 2; adjustment for safety valve, minus 2; adjustment for acceptance of responsibility, minus 3; total offense level of 31 and a criminal history category of I."

The district court also provided a thorough explanation for its decision to impose a sentence on the high end of the applicable Sentencing Guidelines range. Specifically, the court stated:

> The justification for this is that a term of imprisonment at the high end of the

Guidelines range is an appropriate sentence in this case. The court recognizes the defendant's acceptance of responsibility for his charge, but he must understand the consequences behind his actions, especially the importation in such a large quantity of this destructive drug into an island community, which has impacted the lives of everyone here. This sentence meets the court's objectives of punishment and deterrence as well.

Thus, the district court clearly stated its reasons and rationale for imposing a sentence at the upper end of the applicable sentencing range. Bang's argument to the contrary is baseless.

## CONCLUSION

For the above stated reasons, we AFFIRM the district court.