UNITED STATES of America,
Plaintiff–Appellee,

v.

James Gary TURNER, Sr.,
Defendant–Appellant.

No. 02–6408.

United States Court of Appeals,
Sixth Circuit.

June 22, 2004.

Paul W. Laymon, Jr., Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

Gregory M. O'Neal, Winchester, TN, for Defendant–Appellant.

Before: BOGGS, Chief Judge; MOORE, Circuit Judge; and HOLSCHUH, District Judge.*

*ORDER*

James Gary Turner, Sr., a federal prisoner, appeals the sentence imposed upon his conviction for distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Pursuant to a written plea agreement, Turner pleaded guilty on June 24, 2002, to distributing cocaine base. A presentence investigation report was then prepared, calculating Turner's Guideline range of imprisonment as 24 to 30 months. Turner did not file objections or move for a downward departure. At the sentencing hearing, the district court sentenced Turner to 30 months in prison, stating that a sentence at the high end was necessary for

---

* The Honorable John D. Holschuh, United States District Judge for the Southern District of Ohio, sitting by designation.

Turner to be able to participate in the Bureau of Prison's 500–hour substance abuse treatment program.

On appeal, Turner argues that the district court abused its discretion by sentencing him to the maximum Guideline sentence despite his guilty plea, cooperation with the government, and significant medical problems. He contends that his medical condition possibly justified a downward departure and that the substance abuse treatment program could be completed within a 24–month prison sentence.

We are without jurisdiction to consider Turner's argument. As this court succinctly stated in *United States v. Velez*, 1 F.3d 386 (6th Cir.1993):

> A sentence that is within the Guideline range is not appealable on the grounds that the court failed to depart downward. *United States v. Draper*, 888 F.2d 1100 (6th Cir.1989). Indeed, we are without jurisdiction to review any sentence within the [G]uideline range unless the appellant raises a constitutional question. *United States v. Reed*, 914 F.2d 1288 (9th Cir.1990).

*Id.* at 389. In the instant case, Turner's sentence is within the Guideline range and he did not move for a downward departure at sentencing.

Accordingly, the district court's judgment is affirmed.