**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Tyler Leroy NICHOL, Defendant–
Appellant.**

**United States of America,
Plaintiff–Appellee,**

v.

**Lee Arthur Rice, II, Defendant–
Appellant.**

**Nos. 05–30575, 05–30635.**

United States Court of Appeals,
Ninth Circuit.

Argued * and Submitted Sept. 13, 2006.

Filed Oct. 2, 2006.

---

* With regard to the Rice appeal, No. 05–30635, argument was held on September 13, 2006. However, with regard to the Nichol appeal, No. 05–30575, the panel unanimously found that case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

Monte Stiles, Esq., USBO–Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Teresa A. Hampton, Esq., Hampton & Elliott, Greg S. Silvey, Esq., Boise, ID, for Defendants–Appellants.

Before: HAWKINS, SILVERMAN, and GOULD, Circuit Judges.

### MEMORANDUM **

Tyler Leroy Nichol ("Nichol") appeals the 121–month sentence imposed after his conviction, following a jury trial, on one count of conspiracy to distribute 3, 4–Methylenedioxymethamphetamine (MDMA, Ecstasy) and Lysergic Acid Diethylamide (LSD) and on one count of distribution of a controlled substance to a person under twenty-one years of age. Lee Arthur Rice II ("Rice") appeals the 84–month sentence imposed after his conviction, following a jury trial, on one count of conspiracy to distribute MDMA and LSD and on one count of maintaining a place for the purpose of distributing and/or using controlled substances.[1] We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.[2]

The district court did not err in using a 250 milligram (mg) weight per pill of MDMA to calculate the quantity of drugs attributable to each defendant. *See* U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1 cmt. 12 (2000). The district court correctly calculated drug quantity assessing the entire weight of the mixture containing a detectable amount of controlled substance, rather than only the weight of the actual controlled substance. *See United States v. Crowell,* 9 F.3d 1452, 1454 (9th Cir.1993) (citing USSG § 2D1.1 cmt. nn. 10–11); *see also Chapman v. United States,* 500 U.S. 453, 459, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991); USSG § 2D1.1(c) Notes to Drug Quantity Table (A).

Neither the district court's consideration of March 2001 Drug Enforcement Agency (DEA) testimony concerning MDMA weight nor its use of the 250 mg weight constituted plain error in violation of the *ex post facto* clause.[3] The court specifically stated that it was applying the November 2000 USSG to avoid any *ex post facto* problems. Also, defendants' argument that they lacked fair notice that a 250 mg weight per pill could be used to determine their sentences is contradicted by the record and precedent. *Crowell* and *Chap-*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. In *United States v. Nichol* and *United States v. Rice,* 134 Fed.Appx. 135 (9th Cir.2005) this court affirmed defendants' convictions, but remanded pursuant to *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc) without deciding defendants' non-*Booker* sentencing issues. Nichol and Rice now appeal their sentences following the district court's denial of their requests for resentencing.

2. Because the parties are familiar with the facts and procedural history, we do not re-

state them here except as necessary to explain our disposition.

3. Claims not raised before the district court are reviewed for plain error. *See United States v. Knows His Gun,* 438 F.3d 913, 918 (9th Cir.2006). Plain error is "(1) error, (2) that is plain, and (3) that affects substantial rights." *Ameline,* 409 F.3d at 1078 (quoting *United States v. Cotton,* 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)). If these three conditions are met "an appellate court may exercise its discretion to notice a forfeited error that (4) 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *Cotton,* 535 U.S. at 631, 122 S.Ct. 1781).

*man* gave fair notice that "[t]he general Guideline principle is that drug quantity includes the entire weight of any mixture containing a detectable amount of controlled substance." *Crowell,* 9 F.3d at 1454 (citing USSG § 2D1.1 cmt. nn. 10–11). Indeed, the DEA testimony itself occurred before Congress on March 9, 2001, well within the period of ongoing offense conduct for both defendants. That the DEA's testimony is later cited in a post-offense publication is immaterial to the issue of fair notice regarding the substantive information contained therein. Rice himself offered other DEA materials that post-dated the offense conduct by two years in support of his rejected contention that the appropriate pill weight was 100 mg. Accordingly, the district court neither violated the *ex post facto* clause nor committed plain error when it considered the DEA testimony and subsequently determined that a 250 mg pill weight was appropriate.

■ Nor was Rice's right to an individualized sentence violated when the district court used a 250 mg pill weight to calculate drug quantity, because the court did not improperly rely on consistency within the district as opposed to specific information provided by the defendant to determine pill weight. The district court based its calculation on the DEA testimony that the typical pill weight for MDMA was between 250 and 300 mgs. The only reference to consistency within the district was made to explain the district court's decision to adopt the more conservative figure of 250 mg. Rice's right to individualized sentence was not violated merely because the district court used a pill weight different from that proposed by defendant; moreover, he has failed to show plain error. *See Knows His Gun,* 438 F.3d at 918.

■ We also reject Rice's contention that the district court committed clear er-

ror by relying upon estimates by co-conspirators to calculate the number of pills attributable to him, resulting in an overestimate of the number of pills sold. The district court's findings were not clearly erroneous in light of supportive evidence in the record. The district court noted that it took a conservative approach in determining the quantity of pills attributable to Rice, and we agree with this observation because the record supports a greater drug quantity calculation.

■ The district court was not required to make its findings as to the quantity of drugs attributable to Nichol pursuant to a clear and convincing evidence standard rather than a preponderance of the evidence standard. Drug quantity findings are governed by the general rule imposing a preponderance of the evidence standard for fact determinations at sentencing; drug quantity determinations under our circuit precedent do not fall within the scope of the "disproportionate impact" test that governs exceptions to the general rule. *See United States v. Rosacker,* 314 F.3d 422, 430 (9th Cir.2002); *United States v. Harrison–Philpot,* 978 F.2d 1520, 1523 (9th Cir.1992); *see also United States v. Kilby,* 443 F.3d 1135, 1140–41 (9th Cir. 2006); *United States v. Dare,* 425 F.3d 634, 642 (9th Cir.2005).

■ The district court did not violate Fed.R.Crim.P. 32 when it applied a two-level leadership role enhancement to Rice pursuant to USSG § 3B1.1(c). Rather than objecting to specific factual statements contained in the Presentence Investigation Report (PSR), Rice simply offered different facts of his own in an attempt to dispute the PSR's ultimate conclusion that a role offense enhancement was warranted. The district court resolved the dispute against Rice when it concluded that the evidence supported the PSR's recommen-

dation and applied the two-level enhancement. To the extent that the defendant contested any specific factual statements made in the PSR, the district court ruled on the dispute in accordance with Fed. R.Crim.P. 32. *See United States v. Carter*, 219 F.3d 863, 866–67 (9th Cir.2000); *United States v. Houston*, 217 F.3d 1204, 1208 (9th Cir.2000); *United States v. Karterman*, 60 F.3d 576, 583 (9th Cir.1995).

The district court did not clearly err when it found that a two-point leadership enhancement was warranted under USSG § 3B1.1. Contrary to Rice's assertion, the district court's application of the enhancement was not based solely on Rice's control of the property where the raves were held. Rather, the district court applied the enhancement based on its detailed findings concerning the scope of Rice's involvement in the conspiracy and his culpability. Because the record supports the district court's findings, there was no clear error. *See United States v. Reed*, 914 F.2d 1288 (9th Cir.1990); *compare United States v. Mares–Molina*, 913 F.2d 770, 773 (9th Cir.1990). Rice's alternative argument that the enhancement cannot be applied because the property he managed was not "of the criminal organization" is similarly unavailing. The district court's interpretation of the "management responsibility over the property" clause of Comment 2 to USSG § 3B1.1 to include property that is the headquarters and focal point of a conspiracy, even if not formally owned by the conspiracy, is not error, and Rice cites no authority to support his restrictive reading of the clause.

Finally, the 84–month sentence that the district court imposed on Rice is reasonable. The court correctly calculated the Sentencing Guidelines range and used this range as a starting point for its assessment of an appropriate sentence on remand. *See United States v. Cantrell*, 433 F.3d 1269, 1279–80 (9th Cir.2006). The court considered the § 3553(a) factors, addressing specifically Rice's criminal history and characteristics, the nature and circumstances of the offense, and the need to protect the public and deter further criminal activity.[4] *See United States v. Mix*, 442 F.3d 1191, 1196–97 (9th Cir.), *amended by* 457 F.3d 906 (9th Cir.2006).

**AFFIRMED.**

---

4. Moreover, since Rice did not raise a reasonableness claim pursuant to § 3553 before the district court, review is only for plain error. *See Knows His Gun*, 438 F.3d at 918.